David Wolf (6688)
Lance Sorenson (10684)
Assistant Attorney General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Fifth Floor
P.O. Box 140874
Salt Lake City, Utah 84114-0874
Telephone: (801) 366-0100
Email: lancesorenson@agutah.gov

*Attorneys for the Defendants*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NETCHOICE, LLC,<br><br>             Plaintiff,<br><br>   v.<br><br>SEAN D. REYES, in his official capacity as Attorney General of Utah, KATHERINE HASS, in her official capacity as Director of the Division of Consumer Protection of the Utah Department of Commerce,<br><br>             Defendants. | **DEFENDANTS' MOTION FOR AMENDED BRIEFING SCHEDULE AND TO VACATE HEARING OR, IN THE ALTERNATIVE, REQUEST FOR SCHEDULING CONFERENCE**<br><br>**[EXPEDITED CONSIDERATION REQUESTED]**<br><br>Case No.: 2:23-cv-00911-DBB-CMR<br><br>Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

Defendants Sean D. Reyes and Katherine Hass respectfully request that the Court amend the briefing schedule and vacate or continue the hearing currently set for February 12, 2024 because the effective date of the law at issue in this case has been postponed until October 1, 2024 and the Legislature is likely to repeal and replace the law during the current legislative session.[1] There is no reason to seek or grant emergency,

---

[1] *See, e.g.*, "Utah's controversial social media law likely to get a rewrite,"
https://www.fox13now.com/news/local-news/utahs-controversial-social-media-law-likely-to-get-a-rewrite.

disfavored relief when there is no emergency or immediate threat of harm. And it makes little sense to preliminarily review, without the benefit of a full record, the constitutionality of a law that is likely to be repealed in the next few weeks and whose implementation date is months after that. Accordingly, the Court should amend the briefing schedule and vacate the hearing set for Plaintiff's motion for preliminary injunction. Defendants propose an amended briefing schedule herein. In the alternative, Defendants further request a scheduling conference to establish dates governing this action pursuant to DUCivR16-1(a).

## BACKGROUND

Plaintiff filed a Motion for Preliminary Injunction (the "Motion") to enjoin Utah's Social Media Regulation Act ("the Act") on December 20, 2023. Pursuant to the Court's docket text order, ECF No. 34, of January 2, 2024, Defendants' response to the Motion is currently due on January 23, 2024 and Plaintiff's reply is due on February 6, 2024. The Court has scheduled a hearing on February 12 at 10:30 a.m. *See* ECF No. 25.

On January 19, 2024, the Utah Legislature passed Senate Bill 89 ("SB89), amending the Act to postpone its effective date until October 1, 2024, and the Governor signed the bill into law the same day. SB89 is attached hereto as Exhibit 1. Access to the recording of the Senate Judiciary Committee Hearing in which the sponsor of SB89 explained the purpose of moving the effective date, which includes giving the Legislature time to "repeal and replace" the Act, may be accessed at https://le.utah.gov/av/committeeArchive.jsp?timelineID=239595.

With the effective date of the Act postponed, there is no longer any immediacy to Plaintiff's request for injunctive relief. Plaintiff will not incur any alleged harm until October. Further, Defendants anticipate that the Legislature will likely amend or replace the Act during the current legislative session, which may

2

render Plaintiff's claims moot in part or in their entirety.[2]  At the very least, the Court and parties should wait to see what the actual law will be before engaging in time-consuming and expensive litigation.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 16(a)(3) & (4), the Court has authority to manage litigation to discourage "wasteful pretrial activities" and to "improve the quality of the trial through more thorough preparation." These purposes would be better served by postponing further briefing on Plaintiff's Motion until after the legislative session ends and vacating the scheduled hearing.

### A. There is no immediacy to Plaintiff's request

The United States Supreme Court has determined that a court should not grant a preliminary injunction in the absence of evidence of "a real and *immediate* threat of future injury by the defendant." *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983) (emphasis added). To obtain a preliminary injunction, the moving party must show that harm is "both imminent and irreparable." *Cerro Metal Products v. Marshall*, 620 F.2d 964, 973 (3rd Cir. 1980). *See also Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 358-59 (3rd Cir. 1980) ("Risk of harm . . . is not sufficient to satisfy the standard for granting a preliminary injunction. There must be an *imminent* threat[.]") (emphasis added).

In *Plant Oil Powered Diesel Fuel Systems, Inc. v. ExxonMobil Corp.*, 778 F. Supp. 2d 1180, 1190 (D. New Mexico 2011), the New Mexico district court refused to grant a request for a preliminary injunction on the explicit basis that the "harm [plaintiff] alleges . . . is not imminent." The court denied the motion because the plaintiff did "not face imminent injury" but did so without prejudice to a renewal of the motion if the case did not proceed "at an adequate pace." *Id*. at 1191. *Imminent* harm, not just irreparable harm, is a necessary element of a preliminary injunction. It does not exist here.

---

[2] *See, e.g.*, KSL News, "Legislature may tweak Utah's social media law," October 19, 2023, https://www.ksl.com/article/50758859/legislature-may-tweak-utahs-social-media-law-but-cox-happy-with-age-verification.

Now that the Act's effective date has been postponed, Plaintiff does not suffer any prejudice by postponing further briefing and vacating the scheduled hearing. Rather, the parties may litigate Plaintiff's Motion in a deliberate and thorough way rather than a hasty, expedited way. The issues presented in this case, found within *sixteen* causes of action, are legally complicated and involve emerging areas of technology and social science research demonstrating the significant harms of social media to children. The Court and the public would be well-served by allowing the parties to brief the issues fully and thoroughly.

> **B. It would be wasteful to litigate the constitutionality of a law that does not take effect for more than 8 months and is likely to be repealed before then**

The Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Consistent with the purpose of the rule, it is important to ensure that the law at the heart of any litigation between Plaintiff and Defendants is the actual law being applied to Plaintiffs. Presently, the Act is not being enforced against Plaintiff and, if it is ever enforced, such enforcement will not take place until October 1. In the meantime, the sponsor of the Act has said that the Legislature has every intention of "repeal[ing] and replac[ing]" the Act during the current legislative session, which ends on March 1, 2024.

By the first week of March of this year, the parties and the Court will know whether the Act has been repealed or not. If the Act is repealed, the parties and the Court would be better off knowing what has replaced it before launching into litigation. If the Act is not repealed, then there is plenty of time between March 1, 2024 and October 1, 2024 to brief a preliminary injunction motion and do so in a way that gives the Court all of the legal and factual information it needs to reach the best decision it can. Accordingly, it would be prudent to wait to see if and how the Legislature amends the Act. Before then, further briefing and argument would be wasteful. And, with the Act's effective date extended to October 1, 2024, Plaintiff is in no way prejudiced by amending the current briefing schedule.

Therefore, Defendants respectfully move the Court for a provisional[3] amended briefing schedule on Plaintiff's Motion as follows:

Defendants' Response Due:       **April 15, 2024**

Plaintiff's Reply Due:          **April 30, 2024**

Defendants respectfully request the hearing currently scheduled for February 12 be vacated and a hearing be provisionally set for a mutually convenient time between May 15 and August 15, 2024.  In the alternative, given the fast-approaching deadlines for the parties to complete briefing on Plaintiff's motion, Defendants request the Court hold a scheduling conference.

Respectfully submitted this 19th day of January, 2024.

**OFFICE OF THE UTAH ATTORNEY GENERAL**

/s/ *Lance Sorenson*
LANCE SORENSON
DAVID WOLF
Assistant Utah Attorney General
*Counsel for the Defendants*

---

[3] Legislative repeal and replacement of the Act, as seems likely, may moot the current case. In the event of repeal and replacement, Defendants will seek to meet and confer with Plaintiff on the appropriate course of action and then inform the Court and seek appropriate relief.

## CERTIFICATE OF SERVICE

I hereby certify that on **January 19, 2024** the foregoing **DEFENDANTS' MOTION FOR AMENDED BRIEFING SCHEDULE AND TO VACATE HEARING OR, IN THE ALTERNATIVE, REQUEST FOR SCHEDULING CONFERENCE** was filed using the court's electronic filing system. I further certify that a true and correct copy was served, via email, to the following:

**Alexis Swartz**
**Jeremy Evan Maltz**
**Joshua P. Morrow**
**Scot A. Keller**
**Steven P. Lehotsky**
**Todd L. Disher**
LEHOTSKY KELLER COHN LLP
alexis@lkcfirm.com
jeremy@lkcfirm.com
josh@lkcfirm.com
scott@lkcfirm.com
steve@lkcfirm.com
todd@lkcfirm.com


**Kade N. Olsen**
**David C. Reymann**
PARR BROWN GEE & LOVELESS
kolsen@parrbrown.com
dreymann@parrbrown.com


*Attorneys for Plaintiffs*

 

UTAH ATTORNEY GENERAL'S OFFICE

*/s/ Seth A. Huxford*
SETH A. HUXFORD
*Legal Secretary*