David C. Reymann (8495)
Kade N. Olsen (17775)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, UT 84111
(801) 257-7939
dreymann@parrbrown.com
kolsen@parrbrown.com

Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
LEHOTSKY KELLER COHN LLP
200 Massachusetts Avenue, NW
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
jeremy@lkcfirm.com

Todd Disher*
Joshua P. Morrow*
Alexis Swartz*
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
todd@lkcfirm.com
josh@lkcfirm.com
alexis@lkcfirm.com

*admitted pro hac vice

*Attorneys for Plaintiff NetChoice, LLC*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

| | |
|---|---|
| NETCHOICE, LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>**SEAN D. REYES, in his official capacity as Attorney General of Utah,**<br><br>**KATHERINE HASS, in her official capacity as Director of the Division of Consumer Protection of the Utah Department of Commerce,**<br><br>**Defendants.** | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AMENDED BRIEFING SCHEDULE AND TO VACATE HEARING OR, IN THE ALTERNATIVE, REQUEST FOR SCHEDULING CONFERENCE**<br><br>Case No. 2:23-cv-00911-DBB-CMR<br><br>**Judge David Barlow**<br><br>**Magistrate Judge Cecilia M. Romero** |

The Legislature has now postponed the effective date of the Utah Social Media Regulation Act ("Act") until October 1, 2024. But the Act is still the law, it is still set to take effect, and Plaintiff NetChoice still needs preliminary injunctive relief on behalf of its members. This Court should deny Defendants' motion. Alternatively, if this Court's schedule permits an extension of the hearing date, then NetChoice does not oppose a modest, third extension for Defendants' response of no more than 21 days.

1. Plaintiff's motion for preliminary injunction has been pending for more than a month. ECF No. 25. This Court has already twice extended the deadline for Defendants to file their response. First, this Court *sua sponte* extended Defendants' deadline to respond by about two weeks. ECF No. 32. Soon after, NetChoice negotiated a stipulated motion that indefinitely delayed Defendants' deadline to answer the Complaint. ECF No. 33. NetChoice also stipulated to *further* extend Defendants' deadline to respond to the preliminary injunction motion. *Id.* This Court granted that stipulation in part, ECF No. 34, giving Defendants a second extension that created the current deadline of January 23, 2024.

Ultimately, Defendants had 34 days to respond to Plaintiff's motion for preliminary injunction, more than double the time for their response under this Court's local rules. DUCivR 7-1(a)(4)(C)(iii). Defendants' response is due tomorrow. Defendants presumably have been diligently working to meet this Court's deadline.

2. Yet Defendants now request an additional 83-day extension until April 15, 2024. There is no good cause for such an extraordinary extension of time.

As the Legislature was considering Senate Bill 89—the measure that has now passed, postponing the Act's effective date—Defendants conferred with NetChoice about extending

Defendants' briefing deadline. NetChoice rejected Defendants' initial proposal to extend Defendants' response deadline to August 16, 2024. NetChoice informed Defendants that it would be willing to discuss an extension, but only if and when the bill postponing the Act's effective date actually became law.

The Act's effective date has been postponed, but that does not eliminate the need for injunctive relief for Plaintiff's members. Defendants do not even dispute the prospect of irreparable harm. *See* ECF No. 39 at 3-4. Rather, Defendants argue that the irreparable harm is not "imminent," and thus that "[t]here is no immediacy" to NetChoice's request for preliminary injunctive relief. *Id.* at 3.

That argument has no merit. Irreparable harm is sufficiently "imminent" for purposes of preliminary injunctive relief if "the harm is . . . 'likely to occur before the district court rules on the merits.'" *Colorado v. EPA*, 989 F.3d 874, 884 (10th Cir. 2021) (quoting *New Mexico Dep't of Game & Fish v. United States Dep't of the Interior*, 854 F.3d 1236, 1250 (10th Cir. 2017)). NetChoice's members face a *present* choice between *either* incurring substantial unrecoverable compliance costs *or* risking civil liability once the Act takes effect. The Act's many requirements are "costly and will require a significant amount of budget, resources and staff investment over many months and possibly longer." Yadegar Decl. ¶ 12; *see* Davis Decl. ¶ 60 (explaining that company "may need to dedicate a team of engineers to [compliance] efforts for at least multiple months if not longer"). To avoid enforcement efforts and civil penalties in October, compliance efforts must begin *now*. *See* Davis Decl. ¶¶ 58-60; Yadegar Decl. ¶ 12. Because NetChoice's members must make that choice *before* this Court "rules on the merits," the irreparable harm is imminent enough for purposes of preliminary injunctive relief. *Colorado*, 989 F.3d at 884.

Defendants are thus wrong to assert that NetChoice and its members "will not incur any alleged harm until October." ECF No. 39 at 2.

Defendants' contrary argument errs by conflating Article III injury-in-fact with irreparable injury. *Id.* at 3; *see, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983) (discussing "immedia[cy]" in the context of a "standing inquiry"). But Defendants do not dispute NetChoice's standing.

This Court should address that imminent, irreparable harm by ruling on NetChoice's motion in the ordinary course according to the briefing schedule it set with input from both parties.

3. The postponement of the Act's effective date does reduce the need for the Court to *rule* by March 1, 2024, and the postponement also gives this Court more time to deliberate. It will also allow for an orderly appellate process, if necessary, before October 1. But NetChoice's members still need certainty about their compliance obligations well before the Act takes effect. And the postponement is no basis to again extend Defendants' twice-extended deadline.

Defendants say that there may be legislation to "repeal-and-replace" the Act. ECF No. 39 at 2. The prospect that the Legislature *might* pass *some* legislation *at some point* that has *some* effect on this litigation is not enough to derail briefing that is well underway and set for hearing. This legislation has not even been *introduced*. Its terms are not public knowledge. Nor are its constitutional flaws or its overlap with the Act at issue here (if any). In any event, no one can make any guarantees about the outcome or timing of the legislative process. In the meanwhile, NetChoice's members still face an active choice between incurring unrecoverable compliance costs with an unconstitutional law *or* confronting potential enforcement actions when the Act takes effect in October. Defendants' speculation that they "*anticipate*" that the Legislature—an entirely

separate branch of state government—"will *likely* amend *or* replace the Act," *id.* (emphases added), does nothing to remedy the imminent, irreparable harm that NetChoice's members currently face, and it should not affect this Court's consideration of the Act.

4.     Alternatively, if the Court desires an extension of the hearing date on NetChoice's motion for a preliminary injunction, then NetChoice is amenable to an extension of no more than 21 days for Defendants' response, with a hearing date following NetChoice's reply brief at a time of the Court's choosing.

*   *   *

This Court should deny Defendants' request to extend Defendants' response deadline to April 15, 2024. NetChoice believes that no extension of Defendants' January 23, 2024, deadline is warranted. Nevertheless, if this Court's schedule permits an extension of the hearing date, then NetChoice does not oppose a modest, third extension for Defendants' response of no more than 21 days.

RESPECTFULLY SUBMITTED this 22 day of January, 2024.

> PARR BROWN GEE & LOVELESS, P.C.
> /s/ David C. Reymann
> David C. Reymann
> Kade N. Olsen
>
> LEHOTSKY KELLER COHN LLP
> Steven P. Lehotsky*
> Scott A. Keller*
> Todd Disher*
> Jeremy Evan Maltz*
> Joshua P. Morrow*
> Alexis Swartz*
>
> **admitted pro hac vice*
>
> *Attorneys for Plaintiff NetChoice, LLC*

5

## Certificate of Service

I, David C. Reymann, certify that on January 22, 2024, the foregoing was filed electronically via the Court's CM/ECF system:

*/s/ David C. Reymann*
David C. Reymann
