IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NETCHOICE, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>SEAN D. REYES, in his official capacity as Attorney General of Utah; and KATHERINE HASS, in her official capacity as Director of the Division of Consumer Protection of the Utah Department of Commerce,<br><br>　　　Defendants. | **ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>Case No. 2:23-cv-00911-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

　　　On July 1, 2024, the United States Supreme Court issued its opinion in *Moody v. NetChoice*, 603 U.S. __, 2024 WL 323685.[1] The Court vacated the Eleventh and Fifth Circuits' treatment of two lawsuits raising facial First Amendment challenges to recently enacted Florida and Texas laws regulating large internet platforms.[2] The Court held "neither Court of Appeals properly considered the facial nature" of the challenges because neither sufficiently analyzed "whether 'a substantial number of [the law's] applications [were] unconstitutional, judged in relation to the statute's plainly legitimate sweep.'"[3] The Court also articulated a step-by-step process for courts applying this standard to follow.[4]

　　　In view of this development, and Plaintiff's decision to present each of their First

---

[1] Defendants filed a Notice of Supplemental Authority describing the *Moody* case on July 9, 2024. *See* ECF 70, *Notice of Supplemental Authority*.

[2] *Moody v. NetChoice*, 603 U.S. __, 2024 WL 3237685, at *5.

[3] *Id.* at *8 (quoting *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595, 615 (2021)) (first alteration in original).

[4] *Id.* at 9–10.

1

Amendment claims opposing the Utah Minor Protection in Social Media Act as facial challenges,[5] the court ORDERS Plaintiff to provide supplemental briefing on the following questions:

1. What effect, if any, does the *Moody* decision have on the facial challenges presented in Plaintiff's Amended Complaint?

2. What, if any, is the "plainly legitimate sweep" of the Utah Minor Protection in Social Media Act?

The court ORDERS Plaintiff to respond to these questions within seven (7) days of the entry of this Order. Plaintiff's supplemental brief must consist of no more than 10 pages. Defendants may submit a response brief of no more than 10 pages within seven (7) days of Plaintiff filing its supplemental brief.

DATED this 10th day of July 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[5] ECF 51, *Plaintiff's First Amended Complaint* ¶ 69 ("Each of NetChoice's claims raises a traditional facial challenge . . . . Alternatively, each of NetChoice's First Amendment claims also raised a First Amendment overbreadth facial challenge . . . ."); *see also* ECF 52, *Plaintiff's Motion for Preliminary Injunction* at 15.