David C. Reymann (8495)
Kade N. Olsen (17775)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, UT 84111
(801) 257-7939
dreymann@parrbrown.com
kolsen@parrbrown.com

Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
LEHOTSKY KELLER COHN LLP
200 Massachusetts Avenue, NW
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
jeremy@lkcfirm.com

Todd Disher*
Joshua P. Morrow*
Alexis Swartz*
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
todd@lkcfirm.com
josh@lkcfirm.com
alexis@lkcfirm.com

*(admitted pro hac vice)*

*Attorneys for Plaintiff NetChoice, LLC*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **NETCHOICE, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SEAN D. REYES,** in his official capacity as Attorney General of Utah,<br><br>**KATHERINE HASS,** in her official capacity as Director of the Division of Consumer Protection of the Utah Department of Commerce,<br><br>**Defendants.** | **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No. 2:23-cv-00911-RJS-CMR<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff NetChoice, LLC submits this Notice to inform the Court about the Western District of Texas's recent decision in *Computer & Communications Industry Association v. Paxton*, 2024 WL 4051786 (W.D. Tex. Aug. 30, 2024) ("*CCIA*"); *see* Local Rule DUCivR 7-1(c). *CCIA* enjoined portions of Texas's latest attempt to regulate minors' access to online speech: Texas House Bill 18 ("HB18"). *CCIA* is relevant to Plaintiff's pending Motion for Preliminary Injunction (ECF 52) for two reasons: (1) it concluded that a central coverage provision similar to the coverage definition in this case was content-based because it singled out websites that "allow[] users to *socially interact* with other users," Tex. Bus. & Com. Code § 509.002(a)(1) (emphasis added); and (2) it concluded that "the strict scrutiny test parallels the facial challenge framework," *CCIA*, 2024 WL 4051786, at *15 (collecting cases).

*First*, *CCIA* concluded that a law singling out "social interaction" is a content-based regulation of speech triggering strict scrutiny:

> HB 18 regulates ['digital service providers'] that specifically host or broadcast 'social' speech, thereby subjecting 'social' content to heightened regulation. . . . Non-social interactions, such as professional interactions, are not covered, while social interactions are. . . . HB 18 is therefore a content- and speaker-based regulation, targeting DSPs whose primary function is to share and broadcast social speech.

*Id.* at *10 (citation omitted). Consequently, *CCIA* applied strict scrutiny because, "[w]hen the government favors some speakers over others for their content, the law must be subject to strict scrutiny." *Id.* (citations omitted).

Likewise, The Utah Minor Protection in Social Media Act's ("Act") central coverage definition of "social media service" is content-based because it regulates only websites that "connect[] account holders to allow users to interact socially with each other within the website or application." Utah Code § 13-71-101(14)(iii); *see* ECF 52 at 16-17; ECF 73 at 2-3; ECF 75 at 1, 9.

1

*Second*, *CCIA* concluded that—when a law's scope is limited to the regulation of social media companies' protected speech—"the strict scrutiny test parallels the facial challenge framework." 2024 WL 4051786, at *15 (citing *United States v. Stevens*, 559 U.S. 460, 473 n.3 (2010); *United States v. Edge Broad. Co.*, 509 U.S. 418, 430 (1993); *NetChoice, LLC v. Bonta*, 2024 WL 3838423, at *8 (9th Cir. Aug. 16, 2024)). Thus, when speech regulations "are overbroad, overly restrictive, and underinclusive, they are properly enjoined on their face." *CCIA*, 2024 WL 4051786, at *16.

In so doing, *CCIA* distinguished HB18 from "the laws at issue in" *Moody v. NetChoice, LLC*, 144 S. Ct. 2383 (2024), because HB18 "impose[d] relatively uniform requirements on all Plaintiffs' covered members." *CCIA*, 2024 WL 4051786, at *9. And those "uniform requirements . . . exclusively target speech"—again, potentially unlike "the laws at issue in *Moody*." *Id.* at *16. Consequently, the First Amendment problems "applie[d] equally across DSPs. The law's overbroad tailoring does not vary between covered DSPs. The same is true for vagueness—there is no reason to believe one social media company is better suited than another to understand HB 18's vague terms." *Id.* at *9 (internal citation omitted).

Here too, Utah's Act "raises the same First Amendment issues" and due process issues "in every application to a covered business." *Id.* at *15 (quoting *NetChoice*, 2024 WL 3838423, at *8); *see* ECF 73 at 24; ECF 75 at 7-8. Accordingly, the only question for this Court is whether the Act satisfies heightened scrutiny or is unconstitutionally vague *on its face*.

Because the Act is facially invalid, NetChoice respectfully requests that this Court enjoin Defendants from enforcing the Act against NetChoice's members.

RESPECTFULLY SUBMITTED this 9th day of September.

         PARR BROWN GEE & LOVELESS, P.C.

         *s/David C. Reymann*
         David C. Reymann
         Kade N. Olsen

         LEHOTSKY KELLER COHN LLP
         Steven P. Lehotsky
         Scott A. Keller
         Todd Disher
         Jeremy Evan Maltz
         Joshua P. Morrow
         Alexis Swartz
         *Attorneys for Plaintiff NetChoice, LLC*

**Certificate of Service**

I, Jeremy Evan Maltz, certify that on September 9, 2024, the foregoing was filed electronically via the Court's CM/ECF system.

<u>*s/Jeremy Evan Maltz*</u>
Jeremy Evan Maltz